IN THE JUVENILE COURT OF MACON COUNTY
STATE OF GEORGIA

**Exhibit A**

IN THE INTEREST OF:

████ CROSS           W/M           DOB: 08/29/2010
Children Under 18 Years of Age

### ORDER FOR SHELTER CARE

A complaint has been made to the Court concerning the above-named children. The Court finds from information brought before it that continuation in the home at this time would be contrary to the welfare of said children and it is necessary for the protection of said children that that he be placed in shelter care because the Department received a report regarding a child that had jumped into an old pile of burning leaves causing burns to both of his feet. The parents took the child to the Coliseum Medical Center for treatment and the hospital transferred the child to Joseph M. Still Burn Center for further treatment. Upon admission to the hospital, the parents verified that he the child had not received any immunizations during his lifetime because of a deep belief by the father that they were associated with potential side effects and "based on fear." The doctor informed the parents that the child needed to receive a tetanus shot to prevent the any type of tetanus infection which could be life threatening. The medical staff explained the significance of the shots and father refused the shots for the child therefore putting the child's life possibly in danger.

The Court also finds that pursuant to Official Code of Georgia Ann. Section 15-11-58(a):

(x)   reasonable efforts have been made by the Department to preserve and reunify the family prior to the placement of the child in foster care, to prevent or eliminate the need for removal of the child from the child's home and to make it possible for said child to remain safely in the home, to wit: because the Department received a report regarding a child that had jumped into an old pile of burning leaves causing burns to both of his feet. The parents took the child to the Coliseum Medical Center for treatment and the hospital transferred the child to Joseph M. Still Burn Center for further treatment. Upon admission to the hospital, the parents verified that he the child had not received any immunizations during his lifetime because of a deep belief by the father that they were associated with potential side effects and "based on fear." The doctor informed the parents that the child needed to receive a tetanus shot to prevent the any type of tetanus infection which could be life threatening. The medical staff explained the significance of the shots and father refused the shots for the child therefore putting the child's life possibly in danger.

(X)   reasonable efforts by the Department to preserve and reunify the family prior to the placement of the child in foster care, to prevent or eliminate the need for removal of the child from the child's home and to make it possible for said child to remain safely in the home were not required pursuant to O.C.G.A. Section 15-11-58 (a)(4) (A-C).

( )   the Department failed to make reasonable efforts to preserve and reunify the family prior to the placement of the child in foster care, to prevent or eliminate the need for removal of the child from the child's home and to make it possible for said child to remain safely in the home. The following efforts would have been reasonable to prevent or eliminate the need for removal:

_____

IT IS THEREFORE ORDERED that said children be placed in the custody of MACON COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES until further Order of the Court or until released by a person duly authorized by the Court. Said children are being placed pursuant to Official Code of Georgia Ann. Section 15-11-46 for the following reasons:

(x)   to protect the person or property of others or of the children;

( )   the child may abscond or be removed from the jurisdiction of the court;

( )   because they have no parent, guardian, or custodian or other person able to provide supervision and care for them and return them to the Court when required;

( )   an Order for his/her/their detention or shelter care has been made by the Court pursuant to the Juvenile Proceedings Code.

Pursuant to O.C.G.A. Section 15-11-48(f), the Court approves the following physical placement of the children: MACON COUNTY DFCS pending the 72 hour Hearing on **December 10, 2012 at 10:00 a.m. at the Sumter County Courthouse in Americus, Georgia.**

It is further ordered that the custodian be and hereby is authorized to obtain a physical examination, ordinary medical care, and such additional medical treatment and care which, in the opinion of a licensed physician, requires prompt treatment for the care of said children while said child is in his custody.

ORDERED AND ADJUDGED this 5th day of December, 2012

*[signature]*

JUDGE, Lisa C. Rambo
Macon County Juvenile Court

Exhibit A

2/2 d                                                      &lt;&lt;1086691282    PATRICK & EIDSON    08:02 60 ∵